UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS,

        Plaintiff,

    v.

KING COUNTY DEPARTMENT OF RISK MANAGEMENT DIVISION, et al.,

        Defendants.

Case No. C18-1798-RSM-JPD

REPORT AND RECOMMENDATION

## I.   INTRODUCTION

Plaintiff, who is currently incarcerated at the King County Jail, is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action against King County. Plaintiff's original complaint was deficient, and the Court granted him leave to amend. Because plaintiff's amended complaint is also deficient and further amendments would be futile, the Court recommends that plaintiff's amended complaint and this action be DISMISSED with prejudice and without leave to amend. The Court further recommends that this dismissal count as a STRIKE under 28 U.S.C. § 1915(g) (prisoner may not proceed *in forma pauperis* if prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal that was

REPORT AND RECOMMENDATION - 1

dismissed a frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury).

## II.   BACKGROUND

Plaintiff filed his original complaint against the King County Department of Risk Management and the King County Sheriff's Homeless Sex Offender Registration Office. *See* Dkt. 6. His claims were not entirely clear, but it appeared that he was complaining about his duty to register as a sex offender and alleging that due process requires review of a claim for damages he filed against King County. He also alleged that on October 25, 2018, an employee at the King County Sheriff's Homeless Sex Offender Registration Office sexually harassed him by "poking his tongue in [his] cheek out at Plaintiff."

The Court declined to serve his complaint and granted leave to amend. Dkt. 7. The Court explained the standard under which it screens complaints and the legal standard for § 1983 claims. The Court explained that plaintiff failed to name a proper defendant but that he could bring a claim against King County if he could allege a municipal "custom" or "policy" that cause his injury. The Court also found that even if plaintiff had named a proper defendant, his remaining allegations failed to state a claim upon which relief may be granted. First, plaintiff had already lost a lawsuit filed in this district challenging Washington's sex offender registration requirements under the Eighth and Fourteenth Amendments. *Lewis v. King County*, No. 16-1112-JLR, 2017 WL 2570769 (W.D. Wash. June 14, 2017), *affirmed*, 708 Fed. Appx. 432 (9th Cir. 2017) (unpublished). Second, plaintiff failed to allege a basis for a due process claim related to King County's handling of his claim for damages. Finally, the alleged sexual harassment did not amount to a constitutional violation. *See Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding dismissal of sexual harassment claim as "not sufficiently serious" because the

REPORT AND RECOMMENDATION - 2

1  guard was behind a glass-enclosed control booth when he exposed his penis and made lewd
2  comments, never touched the inmate, and the isolated incident lasted only 30-40 seconds).
3        Plaintiff timely filed an amended complaint against King County. Dkt. 8. Although it is
4  somewhat difficult to understand, he appears to make the same allegations regarding the duty to
5  register as a sex offender, the claim for damages he filed against King County, and the alleged
6  sexual harassment at the Homeless Sex Offender Registration Office. *See id.* at 3-5. He also
7  alleges that since he was arrested and booked into jail on October 31, 2018, he has been suffering
8  ongoing "astro sexual assault." *Id.* at 5-6. He complains that one night he had to sleep on a cold
9  metal bed and also that his kites and grievances regarding the "astro sexual assault" have not
10 been answered. *Id.* He seeks injunctive and monetary relief. *Id.* at 8.

### III.  DISCUSSION

A.  Section 1915 Screening Standard

      Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

      The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but

requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc).  When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

B.     Section 1983 legal standard

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

A local government unit or municipality can be sued as a "person" under § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978).  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id*.  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

C.     <u>Plaintiff fails to state a claim upon which relief may be granted</u>

Plaintiff's amended complaint is deficient for the following reasons. First, plaintiff has already lost a lawsuit filed in this district challenging Washington's sex offender registration requirements under the Eighth and Fourteenth Amendments. *Lewis v. King County*, No. 16-1112-JLR, 2017 WL 2570769 (W.D. Wash. June 14, 2017), *affirmed*, 708 Fed. Appx. 432 (9th Cir. 2017) (unpublished). He cannot relitigate those claims here.

Second, plaintiff fails to allege any basis for a due process claim related to King County's handling of his claim for damages.

Third, the alleged sexual harassment, including the "astro sexual harassment," does not amount to a constitutional violation. *See Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding dismissal of sexual harassment claim as "not sufficiently serious" because the guard was behind a glass-enclosed control booth when he exposed his penis and made lewd comments, never touched the inmate, and the isolated incident lasted only 30-40 seconds).

Fourth, the alleged night of sleeping on a metal bed does not amount to punishment in violation of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."). The test for identifying unconstitutional punishment at the pretrial stage of a criminal proceeding requires a court to examine "whether there was an express intent to punish, or 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purposes assigned [to it].'" *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell*, 441 U.S. at 538). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,'

REPORT AND RECOMMENDATION - 5

and (2) the purpose of the governmental action must be to punish the detainee." *Id.* at 1029. Further, "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030. The discomfort of having to sleep on a metal bed for one night does not significantly exceed the inherent discomforts of confinement.

Finally, to the extent plaintiff complains about the jail's failure to respond to his kites and grievances regarding "astro sexual assault," he fails to state a claim upon which relief may be granted. Prisoners do not have a standalone due process right to a particular administrative grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Allen v. Wood*, 970 F. Supp. 824, 832 (E.D. Wash. 1997); *Stewart v. Block*, 938 F. Supp. 582, 588 (C.D. Cal. 1996).

For these reasons, plaintiff fails to state a claim upon which relief may be granted.

### IV. CONCLUSION

As the Court has already granted plaintiff leave to amend, it appears that further amendment would be futile. Accordingly, the Court recommends that plaintiff's amended complaint and this action be DISMISSED with prejudice and without leave to amend. The Court further recommends that this dismissal count as a STRIKE under 28 U.S.C. § 1915(g) (prisoner may not proceed in forma pauperis if prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal that was dismissed a frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 14, 2019**. Failure to file objections

1  within the specified time may affect your right to appeal.  Objections should be noted for

2  consideration on the District Judge's motion calendar for the third Friday after they are filed.

3  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

4  timely objections are filed, the matter will be ready for consideration by the District Judge on

5  **February 15, 2019.**

6        This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

7  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

8  assigned District Judge acts on this Report and Recommendation.

9        Dated this 24th day of January, 2019.

                              JAMES P. DONOHUE
                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 7